IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | 4:98-cr-75 |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| GREGORY SMITH, | * | ORDER |
| | * | |
| Defendant. | * | |

   Before the Court is a pro se motion for reduction of Gregory Smith's ("Defendant") term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2), filed on October 9, 2012.  Clerk's No. 42.  The Government filed a resistance to Defendant's motion on October 31, 2012.  Clerk's No. 43.  Defendant replied on November 19, 2012.  Clerk's No. 44.

   On June 26, 1998, Defendant pled guilty to a charge of conspiracy to distribute cocaine base.  Clerk's No. 10.  On September 14, 1998, Defendant was sentenced to the mandatory minimum sentence of 240 months imprisonment.  Clerk's Nos. 13–14.  Although no notice of enhancement pursuant to 18 U.S.C. § 851 appears on the docket, Defendant acknowledged the § 851 notice and the twenty-year mandatory minimum sentence in his plea agreement.  Clerk's Nos. 11–12.  Paragraph 3 of the presentence investigation report additionally notes that "the government filed a notice of prior conviction pursuant to Title 21, United States Code, Section 851, and the defendant is subject to enhanced penalties based on a prior felony drug conviction."  Clerk's No. 14.

   In the present Motion, Defendant contends that he never received a § 851 notice of enhanced penalties.  He asserts that he never read the plea agreement or the presentence report and does not recall the § 851 enhancements being discussed in his plea colloquy.  Defendant

further contends that he was not, in fact, subject to enhanced penalties under § 851 because he had not been previously convicted of a predicate felony offense.

Even assuming that Defendant is correct that the Government never properly filed or served him with a § 851 enhancement notice, the Court is unable to grant the relief Defendant requests. Defendant's Motion is filed pursuant to 18 U.S.C. § 3582(c)(2), which provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such reduction is consistent with applicable policy statements issued by the Sentencing Commission.

At the time of Defendant's sentencing, it was determined that he was responsible for 3,355.218 kilograms of marijuana (after converting 166.62 grams of cocaine base and 114.09 grams of cocaine to their marijuana equivalent), which provided a base offense level under U.S.S.G. § 2D1.1(c)(3) of 34. With a criminal history category IV, and after a three-point reduction for acceptance of responsibility, Defendant's guideline range was 151–188 months. Because Defendant was subject to a mandatory minimum sentence of 240 months, however, his guideline range was necessarily 240–240 months. Under today's guideline calculations, Defendant would be responsible for 617.8 kilograms of marijuana (after conversion using the revised crack cocaine conversion numbers), which would provide a base offense level of 28. With his criminal history and a three-point reduction for acceptance of responsibility, Defendant's revised guideline range would be 84–105 months. However, because Defendant was subject to a mandatory minimum sentence of 240 months, his guideline range would necessarily remain 240–240 months. Thus, the retroactive crack cocaine amendment did not alter Defendant's

sentencing guideline range. Indeed, it was for precisely this reason that the Court denied a prior motion by Defendant seeking a sentence reduction under § 3582(c)(2). *See* Clerk's No. 28. Likewise, because Defendant's recalculated guideline range remains 240–240 months even after the retroactive crack cocaine amendment, he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Accordingly, the Court is not empowered to grant relief under § 3582(c)(2).

Defendant's claim of improper § 851 enhancement notice simply does not fall within the auspices of § 3582(c)(2).[1] While the claim may have formed a cognizable basis for direct appeal, the fact remains that Defendant did not appeal his conviction and sentence, and the time to do so has long since passed. *See* Fed. R. App. P. 4(b)(1)(A)(i) (providing that an appeal must be filed within 14 days after the entry of judgment). Likewise, to the extent Defendant's claim may have formed a cognizable basis for a 28 U.S.C. § 2255 motion, Defendant's window to file such a motion has also passed. *See* 28 U.S.C. § 2255(f) (providing that § 2255 petitions must be filed within one year of the date on which the judgment of conviction becomes final). In short, even if the Government violated § 851, it was incumbent upon Defendant to bring the matter to the Court's attention long before the passage of over fourteen years.[2]

---

[1] The mere fact that some component of the guideline calculation is altered does not automatically entitle a defendant to relief under § 3582(c)(2). Rather, relief is only warranted if the revised guideline calculation could have actually made a difference in a defendant's ultimate guideline sentencing range. Here, because of the mandatory minimum sentence of 240 months, the revised drug quantity calculation made no actual difference in Defendant's sentencing range.

[2] Regarding Defendant's signature on a plea agreement that contains a reference to the § 851 enhancement, Defendant merely states that he "was not given the proposed plea agreement," "did not request a copy of the proposed plea agreement," "did not ask to read the plea agreement," and "was never instructed to read the plea agreement." *See* Def.'s Aff. (Clerk's

For the reasons stated herein, Defendant's Motion for Modification of Sentence (Clerk's No. 42) is DENIED.

IT IS SO ORDERED.

Dated this _26th_ day of March, 2013.

_Robert W. Pratt_
ROBERT W. PRATT, Judge
U.S. DISTRICT COURT

---

No. 42-1) at 2–3. Defendant makes similar assertions regarding the presentence report, which also contained a reference to the § 851 enhancement. *See id.* at 3 ("I never read my presentence investigation report."; "I never asked to see or read my presentence investigation report."; "I first saw and read my presentence investigation report in 2012."). Under these circumstances, Defendant cannot realistically contend that he was unaware (or could not have become aware) of the § 851 notice issue long before the date he made the present motion. *See, e.g.*, *United States v. Yah*, 500 F.3d 698, 703 (8th Cir. 2007) ("We apply general contract principles in interpreting plea agreements"); *New York Life Ins. Co. v. McMaster*, 87 F. 63, 67 (8th Cir. 1898) ("If one can read his contract, his failure to do so is such gross negligence that it conclusively estops him from denying knowledge of its contents, unless he was dissuaded from reading it by some trick, artifice, or fraud of the other party to the agreement.").